IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| FERNANDO SOTO, III § § § § § VS. § § CARLOS LOPEZ SERNA § AND SERVICIO DE CRUCES EXCELL § | CIVIL CASE NO._____ JURY DEMAND |

## APPLICATION AND NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Pursuant to 28 U. S. C. §§ 1332(a), 1441, and 1446, and Rule 81 of the local rules for the Southern District of Texas, Defendants **CARLOS LOPEZ SERNA AND SERVICIO DE CRUCES EXCELL** ("Applicants") file this Application and Notice of Removal and in support thereof would show the Court the following:

This Honorable Court has subject matter jurisdiction over this civil cause of action pursuant to 28 U.S.C. 1332(a). It is a civil action where the matter in controversy exceeds the sum or value of $75,000. It is between citizens of a state and citizens or subjects of a foreign state. This notice of removal is filed within 30 days after these Defendants became aware of this case and it being one which is removable.

1. Plaintiff, FERNANDO SOTO, III filed *Plaintiff's Original Petition* in a cause of action against Defendants, CARLOS LOPEZ SERNA AND SERVICIO DE CRUCES EXCELL, in the 406TH Judicial District Court of Webb County, Texas, Cause No. 2023CVA001623D4.

2. Service for Defendant CARLOS LOPEZ SERNA was purportedly effectuated via serving Mr. J. Bruce Bugg, Jr., Chairman of The Texas Transportation Commision, at 125 E. 11th Street, Austin, Texas 78701-2483. However, Defendant Lopez Serna was not physically served with process, instead the documents were left at his gate. When his wife got back home from the gym, she saw the paperwork had been left attached to their gate. Mr. Lopez Serna did not see the documents until later that day. He cannot recall with any specificity what day this event took place, but seems to believe it may have been around December 4, 2023. The envelope left at the gate of his residence contained the lawsuit paperwork, which was in English. See Exhibit A. He could not read the documents in English. The petition was not served in Spanish, as required by the Hague Convention. *See* Hague Convention, Art. 5;[1] *See also* Decl. of Mexico, May 2011, sect. 1(II);[2] *Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2013 U.S. Dist. LEXIS 191933 at *16 (W.D. Tex. 2013). After being contacted by defense counsel and advised of lawsuit, Defendant Lopez Serna filed his answer on **January 19, 2024**. Further, Defendant Lopez Serna consents to this removal.

3. Defendant Servicio De Cruces Excell, received the lawsuit paperwork on or about December 22, 2023, when the postman from the Mexican postal service stopped by the residence of Mr. Sabin Castillo Mendoza the owner of Servicio De Cruces Excell and handed him the envelope containing the lawsuit paperwork. The petition was not served in Spanish, as required by the Hague Convention. *See* Hague Convention, Art. 5;[3] *See also* Decl. of Mexico, May 2011,

---

[1] Hague Convention, Art. 5: "If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed."

[2] "In relation to Article 5, when the judicial and extrajudicial documents to be served in Mexican territory are written in a language other than Spanish, they must be accompanied by the corresponding Spanish translation."

[3] Hague Convention, Art. 5: "If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed."

sect. 1(II);[4] *Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2013 U.S. Dist. LEXIS 191933 at *16 (W.D. Tex. 2013). Mr. Castillo Mendoza did not understand the documents in English. On or about January 16, 2024 he was contacted by defense counsel and made aware of the contents of the documents. Defendant Servicio De Cruces Excell, a Mexican sole proprietorship, answered on **January 19, 2024**. Further, Defendant Servicio De Cruces Excell consents to this removal.

4. Pursuant to 28 U.S.C. § 1446, this notice of removal is filed within 30 days after Defendant Servicio De Cruces Excell received notice of this lawsuit and became aware it was removable.

5. Removal is based upon diversity jurisdiction under 28 U.S.C. § 1332(a)(2) because it is a civil action between a citizen and resident of the State of Texas and business and citizen of a foreign state.

7. The action described in paragraph 1 arises from a motor vehicle incident that occurred on or about June 24, 2022. Defendants plead that this Court has subject matter jurisdiction over this action, because the amount in controversy is in excess of this Court's minimum jurisdictional limits. This case is being removed to the district and division from where the State court action was pending.

8. Based upon information and belief, and according to paragraph 2.0 of Plaintiff's Original Petition, Plaintiff Fernando Soto, III, is a resident and citizen of Webb Couty, Texas. Moreover, without facts indicating otherwise, there is a presumption that Plaintiff Soto intends to remain in Texas. As such, Plaintiff Fernando Soto, III is domiciled in Texas.

9. Plaintiff incorrectly asserts in their Petition that Defendant Servicio De Cruces Excell is a Texas Limited Liability Company.[5] Defendant Servicio De Cruces Excell is a sole proprietorship

---

[4] "In relation to Article 5, when the judicial and extrajudicial documents to be served in Mexican territory are written in a language other than Spanish, they must be accompanied by the corresponding Spanish translation."
[5] *See* Plaintiff's Original Petition ¶ 2.2.

domiciled in Nuevo Laredo, Tamaulipas, Mexico. Defendant Servicio De Cruces Excell is a "persona fisica con actividad empresarial" which is considered the Mexican equivalent to a sole proprietorship. *See CCH Worldwide Business Tax Guide*, Mex. P 1-010.

10. Under Texas law, a sole proprietorship is not a legal entity separate and distinct from the individual owner doing business in that name. *Duffee v. Oak Cliff, Inc.*, No. 3-11-CV-2102-L, 2011 U.S. Dist. LEXIS 150456, at *7-8 (N.D. Tex. 2011). As such, Servicio De Cruces Excell's domicile is "determined by the citizenship of [its] members." *See Linder Enters. v. Martinringle, Inc.*, No. 3:07-CV-1733-G ECF, 2007 U.S. Dist. LEXIS 78610 (N.D. Tex. 2007).

11. Servicio De Cruces Excell's sole member is Sabin Castillo Mendoza. Mr. Castillo-Mendoza is a Mexican citizen and resides at Anona #5321 Los Fresnos, Nuevo Laredo, Tamaulipas with the intent to remain indefinitely. As such, Sabin Castillo Mendoza is domiciled in Mexico. Thus, his sole proprietorship is also considered domiciled in Mexico.

12. Defendant Carlos Lopez Serna is domiciled in Mexico. He is a citizen and a resident of Apodaca, Nuevo Leon, Mexico. He resides at San Gustavo 771, Colonia Villas de San Miguel, Nuevo Laredo, Tamaulipas with an intent to remain indefinitely. Defendant Lopez Serna is therefore domiciled in Mexico.

13. The amount in controversy exceeds $75,000.00. In Plaintiff's Original Petition, Plaintiff seeks monetary relief over $1,000,000.00.

14. Pursuant to Rule 81 of the Local Rules of the Southern District of Texas, Applicants would show the following:

    a. Plaintiff:     Fernando Soto, III

    b. Defendants:  Carlos Lopez Serna and Servicio De Cruces Excell.

    c. Status of service of process: Substituted service, though improper, was effectuated on the Defendant Carlos Lopez Serna by leaving the envelope

4

   containing the lawsuit at the gate of his residence. Defendant Lopez Serna answered on January 19, 2024.

  d. Status of Service of Process: Servicio de Cruces Excell although not properly served with the lawsuit, since the lawsuit paperwork had not been translated into Spanish, answered on January 19, 2024.

  e. Counsel for each party is as follows:

   Counsel for Plaintiff Fernando Soto, III:

   Hector Gonzalez
   State Bar No.: 24071889
   Gonzalez & Associates, P.C.
   269 N. Ceylon Street
   Eagle Pass, Texas 78852
   Telephone: (830) 757-8323
   Telecopier: (830) 757-8327

   Counsel for Defendants Carlos Lopez Serna and Servicio De Cruces Excell:

   Tamara L. Rodriguez
   State Bar No. 00791647
   Federal Bar No. 18972
   Vidaurri, Rodriguez & Reyna, LLP
   202 North 10th Avenue
   Edinburg, TX 78541
   Telephone: 956-381-6602
   Facsimile: 956-381-0725

  f. A jury was demanded by Defendants Carlos Lopez Serna and Servicio De Cruces Excell, in the state district court, and the jury fee was paid.

  g. Name and address of court from which the case is being removed:

   406TH Judicial District Court
   Webb County
   Laredo, Texas 78040

15. Pursuant to Local Rule 81, a copy of all pleadings asserting causes of action and all answers to such pleadings, a copy of the docket sheet, and an index of the matters being filed are attached hereto.

WHEREFORE PREMISES CONSIDERED, Applicants pray that the above action now pending in the 406th Judicial District Court of Webb County, Texas, Cause No. 2023CVA001623D4 -styled Fernando Soto, III vs. Carlos Lopez Serna and Servicio De Cruces Excell, be removed to this Court pursuant to Rule 28 U.S.C. §1332 and Rule 81 of the Local Rules of the Southern District of Texas and that Applicants may have such other and further relief at law or in equity to which they may show themselves justly entitled.

Respectfully submitted,

By: _____
Tamara Rodriguez
State Bar No. 00791647
Federal Bar No. 18972
Attorney in Charge

Of Counsel:
Vidaurri, Rodriguez & Reyna, LLP
202 North 10th Avenue
Edinburg, Texas 78541
Telephone: 956-381-6602
Facsimile: 956-381-0725
Email: trodriguez@vrrtxlaw.com
Attorney for Defendants Carlos Lopez Serna
And Servicio De Cruces Excell

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel on this the 19 day of January 2024, as follows:

**VIA E-SERVICE: hector@gonzalezandassociates.org**
**Litigation@gonzalezand associates.org; hasiel@gonzalezandassociates.org;**
**laura@gonzalezandassociates.org**
Hector Gonzalez
Gonzalez & Associates
269 N. Ceylon Street
Eagle Pass, Texas 78852
*Attorney for Plaintiff*

Tamara Rodriguez