United States District Court
Southern District of Texas
**ENTERED**
November 07, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **FERNANDO SOTO, III,** | § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO. 5:24-CV-00010 |
| **CARLOS LOPEZ SERNA AND SERVICIO DE CRUCES EXCELL,** | | |
| Defendants. | | |

## ORDER

Before the Court is the parties' Federal Rule 41(a)(2) Joint Stipulation and Request for Dismissal with Prejudice. (Dkt. No. 14). The Stipulation provides that Plaintiff Fernando Soto, III dismisses all his claims asserted against Defendants, Carlos Lopez Serna and Servicio de Cruces Excell with prejudice. (*Id.*).

While not explicitly invoking Rule 41(a)(1)(A)(ii), the Stipulation seeks dismissal of all claims against Defendants with prejudice and is signed by all parties who have appeared. (Dkt. No. 14). In substance, then, the Stipulation is a stipulated dismissal pursuant to Rule 41(a)(1)(A)(ii), and the Court construes it as such.[1] Parties in a civil suit may generally dismiss the suit without a court order upon the filing of a stipulation of dismissal "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." *Id.* Here, the Stipulation states that Plaintiff dismisses all their claims against the Defendants with prejudice. (Dkt. No. 14 at 1).

Because the stipulation is signed by counsel for all parties who have appeared in this case, Plaintiff's claims against Defendants, Carlos Lopez Serna and Servicio de Cruces Excell, were **DISMISSED WITH PREJUDICE** effective upon the filing of the Stipulation of Dismissal. (Dkt. No. 14). *See Odle v. Flores*, 899 F.3d 344, 353–55 (5th Cir. 2017) ("[S]tipulated dismissals under Rule 41(a)(1)(A) . . . become effective

---

[1] The Stipulation invokes Federal Rules of Civil Procedure 41(a)(2). (Dkt. No. 14 at 1). However, subsection (a)(2) only applies when a dismissal is not done "as provided in Rule 41(a)(1)." In this case, the parties' agreed dismissal of all claims, signed by all parties appearing in the case, constitutes a joint stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). Therefore, subsection (a)(2) is not applicable.

immediately without further court order.").

The Clerk is hereby **DIRECTED** to terminate the case.

Additionally, the Court **TERMINATES** all active court settings and deadlines.

It is so **ORDERED**.

**SIGNED** on November 7, 2024.

_____
John A. Kazen
United States District Judge